**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

**BRITTANI GORDON,**

      Plaintiff,

v.                        Case No. 26-CV-1337

                           JURY TRIAL DEMANDED

**OPEN SKY EDUCATION, INC.,
d/b/a HOPE CHRISTIAN SCHOOLS CARITAS,**

      Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Brittani Gordon, by her attorneys, Summer H. Murshid, Connor J. Clegg and Martha Burke of Hawks Quindel, S.C. alleges as follows:

### NATURE OF THE ACTION

1. This is an employment-discrimination action arising from Defendant's failure to accommodate Ms. Gordon's known, late-stage pregnancy and disability-related limitations while she worked as a teacher at Hope Christian Schools Caritas in Milwaukee, Wisconsin.

2. Defendant knew that Ms. Gordon was eight months pregnant, had a high-risk pregnancy, experienced pregnancy-induced carpal tunnel syndrome in both hands, and had medical restrictions requiring that she be permitted to remain off her feet and use the restroom as often as needed.

Despite that knowledge, Defendant denied or failed to provide effective accommodations, including nearby restroom access, sitting and rest breaks, relief from painful handwriting work, and prompt permission to leave for urgent medical evaluation.

3. Plaintiff brings claims for: (a) sex and pregnancy discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.; (b) retaliation under Title VII, 42 U.S.C. § 2000e-3(a); (c) failure to provide reasonable accommodations under the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. §§ 2000gg et seq.; (d) disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.; and (e) failure to provide reasonable accommodations under the ADA, 42 U.S.C. § 12112(b)(5)(A).

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §§ 2000e-5(f)(3), 12117(a), and 2000gg-2(a).

5. The acts and omissions giving rise to Plaintiff's claims occurred in Milwaukee County, Wisconsin, within this judicial district. Venue is proper under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

6. Plaintiff Brittani Gordon is an adult resident of Milwaukee County, Wisconsin.

7. Defendant Open Sky Education, d/b/a Hope Christian Schools Caritas ("Hope" or "Defendant") employed Plaintiff at Hope Christian Schools Caritas in Milwaukee, Wisconsin. Upon information and belief, Defendant is an employer within the meaning of Title VII, the ADA, and the PWFA because it employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the relevant calendar years.

8. Defendant acted through its officers, managers, supervisors, agents, and employees, including Principal Quanesha Medina. At all relevant times, Ms. Medina exercised supervisory authority over Plaintiff.

## ADMINISTRATIVE EXHAUSTION

9. Plaintiff timely filed EEOC Charge No. 443-2025-02412 against Hope, alleging discrimination based on disability, sex/pregnancy, pregnancy, and retaliation.

10. On February 26, 2026, the EEOC issued a determination finding reasonable cause to believe that Defendant discriminated against Plaintiff based on disability and pregnancy by failing to provide reasonable accommodations in violation of the ADA and PWFA.

11. The EEOC attempted conciliation. Conciliation did not resolve Plaintiff's charge.

12. On May 13, 2026, the EEOC issued Plaintiff a Notice of Right to Sue (Conciliation Failure) for Charge No. 443-2025-02412.

13. Plaintiff has satisfied all conditions precedent to this action.

## FACTUAL ALLEGATIONS

14. Hope hired Plaintiff as a permanent teacher in July 2024. Plaintiff began work as a fifth-sixth grade teacher on or about July 22, 2024, and reported directly to Principal Medina.

15. Defendant knew Plaintiff was pregnant when it offered her the teaching position.

16. At the beginning of the 2024–2025 school year, Plaintiff was approximately eight months pregnant. Her pregnancy was high risk, and her expected due date was September 24, 2024.

17. On August 19, 2024, Plaintiff gave Principal Medina a medical note documenting limitations associated with her late-stage pregnancy. The note stated that Plaintiff needed time off her feet and use of the restroom as often as needed.

18. Plaintiff also informed Principal Medina that she had pregnancy-induced carpal tunnel syndrome in both hands and that handwriting caused pain.

19. On August 20, 2024, Defendant announced that the second-floor staff restroom closest to Plaintiff's classroom was restricted to leadership. Plaintiff requested an exception because her late-stage pregnancy required frequent restroom use and the restricted restroom was only steps from her classroom.

20. Defendant denied Plaintiff access to the nearby staff restroom and directed her to use either a student restroom or more distant staff restrooms. Plaintiff informed Principal Medina of the need for access to the nearby restroom. Principal Medina said she would seek approval but did not provide Plaintiff an answer or an exception.

21. The alternative restrooms required Plaintiff to walk downstairs or, at times, farther across the building. Plaintiff was uncomfortable using a student restroom because of privacy concerns. On multiple occasions, the available alternative staff restroom was occupied and Plaintiff nearly had an accident before reaching another restroom.

22. Defendant admitted, both during its investigation and its official submission to the EEOC, that staff were not permitted to use the second-floor restroom and that Principal Medina made no exceptions to that policy, including for Plaintiff. Defendant subsequently opened the restroom to staff.

23. On August 21, 2024, despite knowing of Plaintiff's pregnancy-induced carpal tunnel and hand pain, Principal Medina required Plaintiff to handwrite approximately seventy student name tags. Plaintiff told Principal Medina that her hands hurt. Rather than excuse, reassign, or otherwise effectively modify the handwriting task, Principal Medina required Plaintiff to complete it while she taped the tags down.

24. On August 22, 2024, Plaintiff was sitting to rest her feet because she was in pain. Principal Medina ordered Plaintiff to stand and circulate in

the classroom. Plaintiff reminded Principal Medina of the August 19 medical restriction, but Principal Medina continued to require her to stand and circulate.

25. On August 22, 2024, Plaintiff provided Human Resources with the medical documentation and reiterated that she needed breaks and could sit as needed and without restriction so that she could teach comfortably.

26. On September 4, 2024, after an obstetrical appointment required additional monitoring because of concern about the baby's elevated heartbeat, Plaintiff informed Principal Medina that she needed access to her phone for a possible urgent medical call. Principal Medina told Plaintiff that she could not take the call in the classroom and would need to find coverage before responding.

27. On September 5, 2024, while thirty-seven weeks pregnant and ill, Plaintiff vomited at work and urinated on herself. Plaintiff feared that her water may have broken and told Principal Medina that she needed to leave for medical evaluation.

28. Rather than promptly permit Plaintiff to leave, Principal Medina directed Plaintiff to wait while coverage was found and to prepare classroom lesson materials for the substitute. Plaintiff remained at the school while ill, in soiled clothing, and concerned she might be in labor, preparing materials before she was permitted to seek medical care.

29. A physician evaluated Plaintiff later that day and directed that she remain off work until September 10, 2024. Plaintiff provided the medical note to Principal Medina. Although Principal Medina initially questioned whether Plaintiff would be expected to report to work if the note did not identify a contagious condition, she ultimately acknowledged the return-to-work date in the note.

30. On September 9, 2024, Plaintiff made a formal complaint to Human Resources alleging pregnancy discrimination and failure to follow her medical restrictions.

31. Defendant placed Principal Medina on administrative leave during its investigation and ended her employment effective September 23, 2024. Defendant determined that Principal Medina had violated company policy, including by imposing the bathroom restriction and disregarding work restrictions for multiple employees.

32. Defendant's conduct caused Plaintiff humiliation, anxiety, emotional distress, loss of dignity, inconvenience, and other damages. Plaintiff also suffered economic loss and loss of employment-related benefits in an amount to be proven at trial.

33. All conditions precedent to Plaintiff's claims have been performed, have occurred, or have been waived.

## COUNT I — TITLE VII SEX AND PREGNANCY DISCRIMINATION

## 42 U.S.C. §§ 2000e-2(a) and 2000e(k)

34. Plaintiff realleges and incorporates paragraphs 1 through 33.

35. Plaintiff's pregnancy, childbirth-related conditions, and related medical limitations are protected under Title VII's prohibition against discrimination because of sex. 42 U.S.C. § 2000e(k).

36. Defendant knew that Plaintiff was pregnant, that her pregnancy was high risk, and that she had pregnancy-related restrictions affecting restroom use, standing, and performance of handwriting tasks.

37. Because of Plaintiff's sex, pregnancy, and pregnancy-related limitations, Defendant subjected Plaintiff to less favorable terms and conditions of employment, including by denying or failing to provide effective pregnancy-related accommodations; requiring her to stand and circulate despite a known restriction; requiring her to perform painful handwriting work despite known carpal-tunnel symptoms; denying nearby restroom access needed because of pregnancy-related frequency and urgency; and delaying her departure for urgent medical evaluation while she was late-term pregnant and ill.

38. Defendant's actions were because of Plaintiff's sex, pregnancy, childbirth, and related medical conditions, and were a motivating factor in the challenged employment actions.

39.     As a direct and proximate result of Defendant's Title VII violations, Plaintiff suffered damages.

## COUNT II — TITLE VII RETALIATION

### 42 U.S.C. § 2000e-3(a)

40.     Plaintiff realleges and incorporates paragraphs 1 through 39.

41.     Plaintiff engaged in protected activity by requesting accommodations for known pregnancy-related limitations, objecting to Defendant's refusal to honor her medically documented restrictions, and making a formal complaint to Human Resources on September 9, 2024, alleging pregnancy discrimination and failure to follow her restrictions.

42.     Defendant knew of Plaintiff's protected activity.

43.     After Plaintiff requested and objected to the denial of pregnancy-related accommodations, Defendant, through Principal Medina, subjected Plaintiff to materially adverse treatment, including the continued denial of an exception to the nearby-restroom restriction; the requirement that Plaintiff complete painful handwriting work notwithstanding her known carpal-tunnel symptoms; the requirement that Plaintiff stand and circulate notwithstanding her documented need to remain off her feet; and criticism and work demands connected to the September 5, 2024 medical event.

44.     The temporal proximity between Plaintiff's protected activity and the adverse treatment, together with Defendant's knowledge of Plaintiff's protected activity, supports a causal connection.

45. Defendant's retaliatory actions would dissuade a reasonable employee from requesting a pregnancy-related accommodation, opposing discrimination, or reporting that medical restrictions were not being honored.

46. As a direct and proximate result of Defendant's Title VII retaliation, Plaintiff suffered damages.

## COUNT III — FAILURE TO ACCOMMODATE UNDER THE PREGNANT WORKERS FAIRNESS ACT

### 42 U.S.C. §§ 2000gg-1 and 2000gg-2

47. Plaintiff realleges and incorporates paragraphs 1 through 46.

48. Plaintiff was a qualified employee within the meaning of the PWFA.

49. Plaintiff had known limitations related to pregnancy, childbirth, or related medical conditions, including a high-risk late-stage pregnancy; a medically documented need for time off her feet; a need for frequent restroom use; pregnancy-induced carpal tunnel affecting her hands; and acute symptoms on September 5, 2024 that required prompt medical evaluation.

50. Plaintiff communicated those known limitations and her need for accommodations to Principal Medina and Human Resources. Her requested accommodations included access to the nearby staff restroom, sitting and rest breaks, relief from painful handwriting work, and prompt permission to leave for urgent medical care.

51. The requested accommodations were reasonable. They included modifications that would have permitted Plaintiff to perform her teaching position without imposing an undue hardship, including a restroom-access exception, sitting or rest breaks, task reassignment or assistance for handwriting work, and temporary classroom coverage.

52. Defendant failed to provide reasonable accommodations for Plaintiff's known pregnancy-related limitations. Defendant has not identified, and cannot establish, that the requested accommodations would have imposed an undue hardship.

53. Defendant's failure to accommodate Plaintiff violated the PWFA.

54. As a direct and proximate result of Defendant's PWFA violation, Plaintiff suffered damages.

## COUNT IV — ADA DISABILITY DISCRIMINATION

### 42 U.S.C. § 12112(a)

55. Plaintiff realleges and incorporates paragraphs 1 through 54.

56. Plaintiff had actual disabilities, a record of disabilities, and/or was regarded as having disabilities within the meaning of the ADA. Plaintiff's impairments included pregnancy-induced carpal tunnel syndrome and pregnancy-related medical impairments and complications that substantially limited major life activities and major bodily functions,

including performing manual tasks, standing, walking, and genitourinary, musculoskeletal, and reproductive functions.

57. Plaintiff was a qualified individual with a disability because she could perform the essential functions of her teaching position with reasonable accommodation.

58. Defendant knew of Plaintiff's disabilities and disability-related limitations, including through Plaintiff's communications, her August 19, 2024 medical note, and her August 22, 2024 communication to Human Resources.

59. Defendant discriminated against Plaintiff because of disability by, among other things, subjecting her to adverse terms and conditions of employment related to her disability and disability-related limitations, including the conduct described in paragraphs 19 through 29.

60. As a direct and proximate result of Defendant's ADA discrimination, Plaintiff suffered damages.

## COUNT V — ADA FAILURE TO ACCOMMODATE
### 42 U.S.C. § 12112(b)(5)(A)

61. Plaintiff realleges and incorporates paragraphs 1 through 60.

62. Plaintiff was a qualified individual with a disability within the meaning of the ADA.

63. Defendant knew of Plaintiff's disability-related limitations and need for accommodation.

64. Plaintiff requested reasonable accommodations that would have allowed her to perform the essential functions of her position, including rest and sitting breaks, a nearby restroom for pregnancy-related urinary frequency and urgency, modification or reassignment of painful handwriting work, and temporary relief from work to obtain urgent medical care.

65. Defendant failed to reasonably accommodate Plaintiff's known disability-related limitations and failed to engage in a meaningful, good-faith interactive process to identify and implement effective accommodations.

66. The requested accommodations would not have imposed an undue hardship on Defendant.

67. Defendant's failure to accommodate Plaintiff violated the ADA.

68. As a direct and proximate result of Defendant's ADA violation, Plaintiff suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant and award the following relief:

A. A declaration that Defendant violated Title VII, the PWFA, and the ADA;

B. Injunctive and equitable relief sufficient to make Plaintiff whole, including appropriate policy, practice, training, and record-correction relief;

C. Back pay, front pay, lost benefits, and other economic damages in an amount to be determined at trial;

D. Compensatory damages for emotional distress, humiliation, pain and suffering, loss of dignity, and other nonpecuniary losses, in an amount to be determined at trial;

E. Punitive damages as permitted by law;

F. Prejudgment and post-judgment interest as permitted by law;

G. Reasonable attorney's fees, costs, and expenses under 42 U.S.C. §§ 2000e-5(k), 12205, and 2000gg-2(b); and

H. Such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: August 4, 2026.

Respectfully submitted,

**HAWKS QUINDEL, S.C.**

By: *s/ Summer H. Murshid*
Summer H. Murshid, SBN 1075404
Connor J. Clegg, SBN 1118534
Martha L. Burke, SBN 1121510

Hawks Quindel, S.C.
5150 N. Port Washington Rd., Suite 243
Milwaukee, WI 53217
Telephone: 414-271-8650
Email: smurshid@hq-law.com
        cclegg@hq-law.com
        mburke@hq-law.com

Attorneys for Plaintiff Brittani Gordon